UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TROY REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 09-203-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Troy Reynolds ("Reynolds") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [Record Nos. 9 and 10] Reynolds argues that an administrative law judge ("ALJ") erred in finding that he is not entitled to a period of disability, Social Security Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Reynolds.

**I.**

Reynolds protectively filed for a period of disability, SSI, and DIB on January 9, 2007, alleging a disability beginning on December 14, 2006. [Tr., pp. 11, 104, 107] On June 11, 2008, Reynolds, his attorney, vocational expert ("VE") Ralph Crystal, and medical expert Dr. Dixie

Moore appeared before ALJ Gregory O. Varo for an administrative hearing. [Tr., pp. 20-48] On January 22, 2009, ALJ Varo issued an opinion denying Reynolds' applications. [Tr., pp. 8-19] The Appeals Council denied Reynolds' request for review on April 6, 2009. [Tr., pp. 1-3] Having exhausted his administrative remedies, Reynolds commenced this proceeding.[1]

After reviewing the record and considering the testimony presented during the administrative hearing, ALJ Varo concluded that Reynolds has the following severe impairments: depressive disorder and anxiety disorder. [Tr., p. 13, ¶ 3] In addition, the ALJ found that Reynolds has mild limitations in activities of daily living, moderate limitations in social functioning, and moderate limitations in the area of concentration, persistence, or pace. [Tr., p. 15] Notwithstanding these impairments, ALJ Varo found that:

> the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple repetitive tasks; has poor ability to deal with work stress or the public; fair – poor ability to function independently or maintain attention and concentration.

[Tr., p. 16] As a result of this assessment, the ALJ determined that Reynolds had not been under a disability as defined in the Social Security Act, from December 14, 2006, through January 22, 2009 (the date of the decision). [Tr., p. 19]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment

---

[1] Reynolds was forty-two years old at the time of the administrative hearing. He has a high school education and previously worked as a welder/fabricator. Reynolds' alleged disability stems from his severe anxiety and depression. [Tr., pp. 18, 13, 23, 28-30, 104, 107, 127]

of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. 416.920(a)(4). If a claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can do past work. If he can, he is not disabled. 20 C.F.R. § 1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the

Commissioner will find the claimant disabled. 20 C.F.R. § 1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Reynolds v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**III.**

Reynolds alleges that the ALJ's decision denying benefits is not supported by substantial evidence. More specifically, he asserts that the ALJ: (1) improperly failed to give proper weight to the opinion of a treating physician, (2) improperly failed to consider his global assessment functioning score, and (3) improperly failed to consider the duration requirement of substantial activity.

### A. Treating Physician

Reynolds asserts that the ALJ did not give proper weight to the opinion of his treating physician, Dr. Stephens. Generally, more weight is given to treating sources' opinions, because a treating source is likely to be most able to provide "a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010). A treating physician's opinion "as to the nature and severity of a claimant's conditions" will be given controlling weight provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (internal quotation omitted) (alteration in original).

However, if the treating source's opinion is not entitled to controlling weight, this does not necessarily mean that the opinion should be completely rejected. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 372 (6th Cir. Mar. 1, 2006) (unpublished) (*citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4 (1996)). Rather, the ALJ must determine what weight to give

the opinion by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)–(6), 416.927(d)(2)–(6) (2010).

If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Rogers*, 486 F.3d at 242. This is a "clear elaboration requirement imposed explicitly by the regulations." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008). As the Social Security Ruling 96-2p explains:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The dual purpose for this good reasons requirement is: (1) to help claimants understand the disposition of their case; and (2) to "ensure that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544-45 (citations omitted). Failure to abide by this requirement can result in the matter being remanded. *Id.* at 545 (*citing e.g., Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not

provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion").

Here, the ALJ discussed Dr. Stephens' medical treatment in great detail:

> On September 16, 2006, the claimant was seen by Dr. Don Stephens for complaint of anxiety. He had recently gone through a divorce. The following month, the claimant reported improvement in his anxiety. On December 14, 2006, the claimant again complained of situational anxiety. On January 22, 2007, the claimant reported that he cries easily and prefers to be alone. On October 13, 2007, the claimant indicated that he sees his daughter every other day. He complains of continued anxiety and depression with anger management issues. In September 2007, in response to the claimant's complaint of abdominal pain, a CT of his abdomen was normal (showing only mild spondylosis). On March 13, 2008, Dr. Stephens opined that the claimant is disabled due to depression with poor/no ability to remember work-like procedures, maintain attention for a two-hour segment, maintain regular attendance, sustain an ordinary routine with special supervision, complete a normal workday/week without interruption from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, respond appropriately to changes in a routine work setting, deal with normal work stress, be aware of normal hazards and take appropriate precautions, etc. He further opined that [his] activities of daily living were extremely limited, with marked difficulty in maintaining social functioning, constant difficulty of concentration, and continued episodes of deterioration or decompensation in work or work-like settings.

[Tr., p. 14] The ALJ points out that the medical opinions of a treating physician, such as Dr. Stephens, are entitled to great weight, but opinions reserved to the Commissioner can never be entitled to controlling weight. [Tr., pp. 17-18] Specifically, the ALJ notes that statements that a claimant is disabled, unable to work, or cannot perform a past job are not medical findings but are issues reserved to the Commissioner. [Tr., p. 17]

The ALJ explained that Dr Stephens' medical opinions are not consistent with the medical evidence of the record and Reynolds' activities of daily living. [Tr., p. 17-18] Further,

Dr. Moore, Reynolds' own medical expert, testified at the administrative hearing that the limitations imposed by Dr. Stephens were not consistent with his notes and the rest of the medical evidence. [Tr., p. 41] Based on his evaluation of the entire record, ALJ Varo accepted the well-substantiated opinions of Dr. Moore in regard to the nature and severity of Reynolds' limitations. [Tr., p. 17, 18]

The ALJ determined that Reynold's daily activities, which included taking care of his daughter, a dog and fish, household chores, and shopping, belied his allegations of disability and supported his finding. [Tr., pp. 17, 144-152] The ALJ further observed that Dr. Stephens has not recommended hospitalization, despite his pessimistic opinion of Reynold's abilities. [Tr., p. 18] ALJ Varo also found it significant that Dr. Stephens is not a psychiatrist or mental health professional. [Tr., p. 18] In addition, the ALJ reasoned that Reynolds' failure to pursue ongoing mental health treatment controverted his allegations. [Tr., p. 17] In summary, ALJ Valo's conclusion regarding the weight to be given Dr. Stephens' opinion is supported by substantial evidence. Further, he gave "good reasons" for this conclusion in his decision.

### B. Global Assessment Functioning Score

Reynolds also contends that it is clear from the medical evidence, including his global assessment functioning ("GAF") score of 54, that he is severely impaired. [Record No. 9-2, p. 4]. In an unpublished opinion, the Sixth Circuit has explained that a GAF score is a subjective determination that represents the clinician's judgment of the individual's overall level of functioning. *DeBoard v. Commissioner of Social Sec.*, 211 F.App'x 411, 415 (6th Cir. Dec. 15, 2006) (unpublished) (citations omitted). A failure to reference a GAF score is not, standing

alone, sufficient ground to reverse a disability determination. *Id*. (*citing Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (While a GAF score may be of "considerable help," it is not "essential" to determining an individual's residual functional capacity.); *see also Kornecky v. Comm'r of Soc. Sec.*, No. 04-2171, 2006 WL 305648, at *13-*14 (6th Cir. Feb.9, 2006) (According to the Diagnostic and Statistical Manual's explanation of the GAF scale, a score may have little or no bearing on the subject's social and occupational functioning. We are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place). Since no special deference is due to an individual's GAF score, the ALJ did not err by failing to specifically consider it in reaching his conclusions.

### C. Duration Requirement of Substantial Activity

Finally, Reynolds argues that the ALJ improperly failed to consider the duration requirement of substantial activity and the Ninth Circuit's opinion in *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690 (9th Cir. 1999). In *Gatliff*, the Ninth Circuit found that "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." *Id*. at 692. The Sixth Circuit has also imposed a duration requirement on the concept of substantial gainful activity. *Id*. at 693-694 (*citing Parish v. Califano,* 642 F.2d 188, 192 (6th Cir. 1981) ("The phrase 'substantial gainful activity' implies employment with some degree of regularity"). However, just as the Court found in *Coots v. Astrue*, the present case is clearly distinguishable from that facts presented in *Gatliff*. *Coots v. Astrue*, Civil No. 08-156-GFVT, 2009 WL 1326260, *7 (E.D. Ky. May 12, 2009).

In *Gatliff*, it was undisputed that the claimant was unable to maintain any single job for more than two months. *Gatliff*, 172 F.3d at 694. However, in this case, the ALJ did not impose any durational limitations in Reynolds' residual functional capacity, a decision that necessarily means that he found that no durational limitations existed. *See Coots*, 2009 WL 1326260, at *7 (*citing Garland v. Astrue*, 6:07-181-DLB, 2008 WL 2397566, *6 (E.D. Ky. June 10, 2008) (implicit in the residual functional capacity assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment . . . Plaintiff does not explain why an individual with Plaintiff's RFC would be unable to maintain employment.) Reynolds makes the blanket assertion that his medical records demonstrate that he cannot maintain a job and hold it for a significant period of time, but he fails to provide any specific reasons. Thus, the Court finds that this argument to be unavailing.

**IV.**

The ALJ's decision denying benefits is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Troy Reynolds's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 8th day of April, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge